SMITH and others *against* CARLL and others.

This Court has original jurisdiction, to be exercised in a sound discretion, to try all questions of fact, without the intervention of a Jury. It is not bound, except on bills of divorce, for adultery, or an issue of *devisavit vel non*, to send a matter of fact to be tried by a jury, if it can decide, of itself, to its own satisfaction upon the evidence ; the aid of a jury being merely to inform the conscience of the Court.

BILL by the plaintiffs, as a committee of the person and estate of *Thomas Hallock*, a lunatic, stating that *H.* was duly found to be a lunatic, by a commission of lunacy, executed in *June*, 1818 ; and that he had been so, from the 30th of *March* preceding ; and praying that a purchase of land which he had made of the defendants on the 14th of *April*, 1818, might be rescinded. Issue was joined, and the testimony of a great number of witnesses, on each side, was taken, touching the sanity of the lunatic at the time of the purchase. The cause was brought to a hearing, on the merits, in *November* last. A decree was entered on the 29th of *December* last, declaring that *Thomas Hallock* was not of sound mind, or mentally competent to make the purchase, on the 6th of *April*, 1818, when the parties contracted, or on the 14th of *April*, 1818, when the contract was consummated and the deed executed to the lunatic, and his bond and mortgage given in return. The deed, bond, and mortgage were declared to be null and void, and ordered to be delivered up and cancelled. A motion was now made for a rehearing, on the ground that a feigned issue ought to have been awarded to try the question of sanity, and *Thomas Hallock*, upon such issue, found to have been insane, before a decree could be pronounced declaring the purchase void ; and that further testimony might and could be procured on the part of the defendants.

*H. W. Warner,* for the motion.

*Wells,* contra. He read an affidavit, stating that the counsel upon the argument agreed that the Chancellor was to decide the issue upon the testimony produced ; and that a feigned issue was not asked or required, unless the Chancellor should deem it necessary for his own satisfaction.

THE CHANCELLOR denied the motion for a rehearing on the point of insanity, and declared that the testimony was entirely satisfactory to him on that point, and that a feigned issue was not indispensable, but rested in discretion. It is settled, he said, to be a competent exercise of the authority of the Court, in every case and in every stage of it, to determine according to its discretion, whether it does or does not want the assistance of a jury. Courts of Equity have an original jurisdiction, which must be exercised according to a sound discretion, to try questions of fact without the intervention of a jury, whose aid is sought, according to the common expression, for the purpose of informing the conscience of the Court. The Court is never bound (except it be on the issue *devisavit vel non,* or on bills for a divorce for adultery,) to send a matter of fact to be tried by a jury, if it can, to its own satisfaction, decide itself upon the evidence. (Lord *Eldon,* in 3 *Vesey & Bea.* 42. 4 *Dow,* 318. 320. 330.)

The cases of *Clerk* v. *Clerk* (2 *Vern.* 413.) and of *Addison* v. *Dawson* (2 *Vern.* 678.) serve to illustrate every part of the proposition. In the first of these cases, there was a bill to set aside a settlement by a lunatic, who had been declared a lunatic under a commission, and which found that he had been so, continually, for a period reaching back beyond the settlement. Lord Keeper *Wright,* in that case, directed an issue, " there not being any sufficient proof of his being a lunatic, and the settlement having been ac-

quiesced in." In the other case, the inquisition overreached the period when the defendant had made a purchase from the lunatic. *The defendants insisted on a trial at law,* but the Court (Lord Chancellor *Cowper*) set aside the purchase, on a bill filed by the committee of the lunatic. This last is a case entirely in point.

There are numerous cases in which a Court of Equity has set aside conveyances from persons of weak or diseased intellects, without referring the case to a jury; and all such cases, like the present one, rest upon the exercise of the same undoubted jurisdiction and discretion of the Court. (*Clarkson* v. *Hanway,* 2 *P. Wms.* 203. *Bennet* v. *Wade,* 2 *Atk.* 324. *Wright* v. *Proud,* 13 *Vesey,* 136.) In *Hall* v. *Warner,* (9 *Vesey,* 605.) a bill was filed for a specific performance of a contract overreached by a commission of lunacy. The answer of the committee set up lunacy, at the time of the execution of the contract. The counsel for the plaintiff, at the hearing, pressed for an issue, and the Master of the Rolls directed an issue, but he considered it a doubtful case, upon the testimony, and observed, "I should certainly refuse, upon the evidence before me, to determine that he was not a lunatic; and as to a lucid interval, I should upon this evidence hesitate considerably."

But the case of *Evans* v. *Blood,* (4 *Bro. P. C.* 557.) decided upon appeal in parliament, in 1746, is conclusive upon the question, touching the power of the Court to decide upon the question of insanity, without reference to a jury. In that case, the lunatic executed an assignment of a lease to the appellant, and a commission of lunacy was afterwards taken out against him, and he was found, by inquisition, to be a lunatic, and to have been so from a period overreaching the assignment. A bill was filed by the committee of the lunatic, to set aside the assignment, and to compel the appellant to account for the profits. Issue was joined, and a number of witnesses examined in respect to the lunacy, and after a hearing of six days, the Court of Equity in *Ireland*

set aside the assignment, and directed the appellant to account. From this decree, he appealed to the *English* House of Lords, and insisted that no instance could be found where a Court of Equity had made a decree upon the ground of lunacy, without a trial at law. On the other side, it was contended, that the awarding of an issue would have been entirely useless and vain, as the insanity was fully proved. The Lords were of this opinion, and affirmed the decree, and ordered the appellant to pay costs.

In the present case, the evidence was sufficiently satisfactory; and there was no intimation, at the hearing, that an issue would be wanted. The counsel for the defendants, in their points, submitted the fact of lunacy entirely to the Court, and claimed the benefit of a reference, as to the use and occupation of the premises, in case the contract and conveyances should be set aside. The proof on each side was voluminous, and there was no suggestion that further proof remained behind. But the affidavit of Mr. *Wells* shows also, that the question of an issue was expressly waived upon the argument.

Motion denied as to the question of insanity; though a rehearing was awarded upon another point, which, however, assumed the deeds to have been properly set aside.