JAMES HYATT, Appellant, *v.* CHARLES BATES, THOMAS J. LEWIS, and DAVID S. CROZIER, Commissioners of Highways of the town of Benton, Respondents.

A court of equity will not interfere to restrain, by an injunction, commissioners of highways from removing a fence, certified by a jury of freeholders, summoned in accordance with the provisions of the Revised Statutes (1.R. S., 522), to be an encroachment on the highway.

If any error were committed by the jury, in their finding, or in the proceedings under the statute, it can be reviewed by certiorari, and corrected.

If these proceedings were without jurisdiction, and void, no case for equitable cognizance is made out. If the party complaining is disturbed in his

possession, or the commissioners attempt, themselves, or through agents, the removal of his fence, he has his action of trespass against the wrong doer, for all damages he may sustain. His remedy is perfect at law.

The complaint in this action alleged that, in 1860, the defendants, being commissioners of highways, in and for the town of Benton, and county of Yates, made an order alleging and defining an encroachment upon a certain public highway, in said town, by the plaintiff, and served a copy thereof upon the plaintiff, together with a notice in writing, requiring him to remove the encroachment. The plaintiff appeared and denied the encroachment in writing. A jury of freeholders was then summoned; the parties above named appeared at an appointed time and produced their witnesses; a hearing was had, and the jury, after deliberation, rendered a verdict in writing, duly subscribed by them, finding that the plaintiff had encroached upon the highway, as alleged in said order, which verdict and finding were filed May 22d, 1860. These proceedings were had under and by virtue of 2 R. S., 406, 5th ed., § 141. The complaint further alleged, for reasons stated therein, that the finding was " wholly insufficient, void and uncertain," and that the defendant threatened to enforce the order and compel the plaintiff. to remove the fence, and, in case of his refusal, to prosecute him for the penalties, and prayed an injunction restraining the defendant from attempting the enforcement of the order, and from enforcing the payment of any costs and expenses of the proceeding before the jury, or interfering with the fence in any way, and for damages.

The defendants demurred to the complaint, on the ground that the court had no jurisdiction of the subject of the action; that the plaintiff had not legal capacity to sue; and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was argued at a Special Term held in Yates county, November 20th, 1860, and judgment was given in favor of the defendants. The The plaintiff appealed from the judgment of the Special Term to the General Term of the seventh judicial district,

where it was affirmed. The case is reported 35 Barbour, 308.

*D. B. Prosser*, for appellant.

*D. Morris*, for respondent.

MASON, J. This demurrer to the plaintiff's complaint was properly sustained by the Supreme Court. The complaint does not state facts sufficient to constitute a cause of action. If we assume that these proceedings to determine this question are valid, until they are set aside by the interposition of some court, then, most clearly, the Supreme Court, in the exercise of its equity powers, had no jurisdiction to review the proceedings and correct the errors complained of. This very matter has been once tried by a tribunal created by statute for the express purpose of trying and determining the matter; and the only redress, in such a proceeding for errors in law, is by a common law certiorari. The determination of this statute tribunal is conclusive upon the facts, and the only review is upon a common law certiorari, which will require the courts to examine into the proceedings so far as to see whether such inferior tribunal has kept within the pale of the law, and to correct their proceedings, if they have not. A court of equity, however, never interferes to review and simply correct such errors on a bill filed for that purpose. The decision of the inferior tribunal, in such cases, is *res judicata*, conclusive and binding upon all other courts of concurrent jurisdiction, and can only be reviewed by the common law writ of certiorari. (*Simpson* v. *Hart*, 1 J. Ch. R., 91; 7 Id., 285; 13 J. R., 460.) If it be assumed, as is contended by the appellant's counsel, that these proceedings, determining this question of encroachment, were without jurisdiction, and their determination *illegal and void*, then the plaintiff is no better off; he has no case then of equitable cognizance. The case of *The Mayor, &c., of Brooklyn* v. *Meserole* (26 Wend. R., 132), decided in the Court of Errors, is directly in point, and decided the very question. The rule

is too well settled to admit of discussion, and the soundness of the rule has never been questioned in the courts of this State, since the decision of that case, but has often been sanctioned. The very question in the case of commissioners of highways was passed upon in the case of *Thatcher* v. *Dusenbury et al.* (9 How. Pr. R., 32), and the principle is well settled. (*Mooers* v. *Smedley*, 6 Johns. Ch. R., 28; *Heywood* v. *The City of Buffalo and another*, 14 N. Y. R., 534; *Van Doren*, v. *The Mayor of N. Y.*, 9 Paige R., 388; *Livingston* v. *Hollenback*, 4 Barb. R., 10; *Bouton* v. *The City of Brooklyn*, 15 Barb. R., 375; *Mace and others* v. *The Trustees of the Village of Newburgh*, 15 How. R., 161; *Handley* v. *The Mayor, &c. of N. Y.*, 16 How. P. R., 228.)

There is no ground for equitable interposition, if the plaintiff is right in maintaining that these proceedings were without jurisdiction, and consequently void, for the plaintiff has a perfect remedy at law. If he is disturbed by the authority of the commissioners of highways, or any one else, by the removal of his fence, he has an action for trespass against the wrongdoer, for all damages he may have sustained. If the case presents any errors in law, which cannot be reached by a common law certiorari, it furnished no reason why a court of equity should take cognizance of the matter. (*Birdsall* v. *Phillips*, 17 Wend. R., 464; *Heywood* v. *The City of Buffalo*, 14 N. Y. R., 540, 541.) If the jury, in such a case, go wrong upon the evidence, it is the misfortune of the party that is injured. The object of the law is to give such tribunals final powers over the merits, upon this light class of litigation, which is confided to them. (16 W. R., 318; 35 Barb. R., 318.) The judgment of the Supreme Court is right and must be affirmed.

DANIELS, J., also read an opinion for affirmance, on the same ground. All the judges concurring, except HUNT, Ch. J., who did not vote.

Judgment affirmed.