By the Court.—Grover, J.
The only question arising upon the appeal in the present case is whether a proceeding, instituted by the heir to test the validity of dn alleged devise of real estate that would, if invalid, have descended to him, pursuant to the provisions of the act passed in 1853 (Laws of 1853, p. 526, ch. 238), is an action of ejectment according to the provisions of 2 Rev. Stat., p. 303, ch. 5, tit. 1, so as to entitle the unsuccessful party to a new trial as matter of right, upon payment of costs, &c., by the provisions of section 37 of the act (2 Rev. Stat. 309, § 37).
The affirmative of this proposition has been ably and ingeniously argued by the counsel for the appellant, but we think that an examination of the act of 1853 will show that his position cannot be sustained.
The action of ejectment, as regulated by the Revised Statutes, was an action to redress the injury of a party, who was entitled to the possession of real estate, which was wrongfully withheld from him, and to determine finally the title of adverse claimants thereto. But for the provisions of the statute, giving expressly to the unsuccessful party, as a matter of right, a second trial, by a compliance therewith, and a third in the discretion of the court, his rights would be concluded by the verdict and judgment upon a single trial.
Section 1 of the act of 1853, provides, that the validity of any actual or alleged devise or will of real es *105 tate may be determined by the supreme court, in a proper action for that purpose, in like manner as the validity of any deed, conveying or purporting to convey lands, might be determined by such court, and thereupon, any party may be enjoined from setting up or impeaching such devise, as justice may require; that issues of fact may be tried by jury or the court, as the nature of the case may require, and the court shall direct. It is manifest that proceedings under this sec-tion have none of the qualities or consequences of an ejectment. By them nothing is determined, as to the possession or title to the land, except as the title may be affected by the devise in question. It may well be that an heir who has proceeded under this section, and obtained a judgment, declaring the devise invalid, may never be able to recover the land, from inability to show a valid title in his ancestor. All that he has accomplished, is to remove the obstacle that the alleged devise might interpose. The counsel is right in his position, that the question,—whether devised or not,—was before the statute cognizable by courts of law only (Smith v. Carll, 5 Johns. Ch., 118; 1 Story Eq. Jur., § 238). It follows that under the provisions of art. 1, § 2, of the Constitution of the State, that issues of fact joined in proceedings under the statute, must be tried by jury, unless the parties assent to a different mode.
It remains to consider whether when, as in the present case, the proceedings are under section 2 of the act, the effect differs in any, and if so, in what, respect, from those under section 1. It will be seen that section 2 is unavailable, unless the ancestor died holding, and in possession of, the real estate claimed by the heir It is evident that, in such a case, if the interest claimed by the heir is an undivided one, held in common with others, the only obstacle to a partition is the alleged devise, and that, upon this being determined to be *106 invalid, his right to apply to a court of equity for partition is established. Hence it is, that section 2 provides for a partition in this class of cases, in the same action in which the devise is adjudged invalid.
In proceedings under this section, no question • affecting the title to the land, other than the alleged devise, is or can be determined, any more than in proceedings under the first. The proceedings under neither can be made to operate as an ejectment. The unsucessful party never had the right in equity to a new trial, as matter of right, when the verdict found against him affected his title to real estate. A second trial was in the discretion of the court, and would be granted, whenever, in the opinion of the court, the ends of justice required it (Van Alst v. Hunter, 5 Johns. Ch., 148).
The order appealed from must be affirmed, with costs.
Order affirmed, with costs.