# SUPREME COURT.

GLOBE MUTUAL LIFE INSURANCE Co. agt. ADDIE REALS, WILLIAM REALS, ELMER REALS and CHARLES FOWLER.

*Equity jurisdiction — fraud — injunction.*

The supreme court has jurisdiction in equity, to declare void and to cancel any instrument obtained by fraud.

This jurisdiction will be exercised in the case of a life insurance policy, even although the facts stated in the complaint show a valid defense in an action on the instrument.

In such a case, an injunction will issue to restrain the assignment of the policy, and the prosecution of suits upon it.

*General Term, Fourth Department.*

THIS action was commenced by the plaintiff, life insurance company, against the defendants, who are the widow and children of the deceased policyholder, and the agent of the company. The allegations of the complaint are, that the deceased, James H. Reals, applied to Fowler, the agent of the plaintiff for an insurance upon his life; such application was made in writing and contained a clause agreeing, on the part of the applicant, that under no circumstances should the policy be in force until the actual payment of money to and acceptance of the premium by the company or its authorized agent; and that no agent of the company had power or authority to deliver any policy in pursuance of this application until such actual payment: That the application was forwarded to the plaintiff, and a policy was issued upon it and sent to their agent, Charles A. Fowler, at Syracuse. That the deceased, Reals, at the time of making the application, gave

his note to Fowler, payable thirty days after date, for fifty-eight dollars and thirty cents, which was intended to be for the first annual premium on the policy. When Fowler received the policy from the company, Reals called upon him and told him that he was not going to take out the policy, and he wished to withdraw his application; that he did not intend to pay his note when it became due. He offered to pay Fowler five dollars for his trouble about the matter, and asked him to return the note; all of which Fowler refused, alleging that he would hold him to the contract. About a week after this transaction, Fowler, the agent, received a dispatch from Reals telling him to go to his dwelling by the first train and to bring the policy with him. Fowler did take. the policy and went with it to Reals' house, where he found Reals upon his bed sick with the typhoid fever. Fowler, the agent, then delivered the policy to Reals without receiving the money and under circumstances which the company charge to have been fraudulent, both with respect to Fowler and with respect to the deceased man and his wife, one of the beneficiaries in the policy. Before the maturity of the note Reals died of the typhoid fever, and after his death Fowler allowed the friends of the defendants, the beneficiaries in the policy, to pay him the note after he knew that Reals was dead, and with intent, as the plaintiff charges, to cheat and defrad it out of the sum of $2,000. Immediately upon obtaining information of these facts, the plaintiff caused to be tendered to the defendant, Mrs. Reals, the sum of fifty-eight dollars and thirty cents, which had been paid to Fowler, and demanded from her possession of the policy. She refused to give it. The plaintiff has kept the tender good and offers to pay the money into court. The plaintiff further alleges that the policy is in the hands of the defendant Addie Reals, and that, upon its face, it appears to be a valid claim against the company, and that the evidence of the fraud with which it was obtained from the company exists *dehors* the instrument. The prayer for relief is that the policy of insurance may be delivered up and

canceled and declared to be fraudulent and void; that the defendants may be forever restrained from assigning the policy or any interest in it, and maintaining any action in this state or elsewhere on the policy.

Upon this complaint, the place of trial, of which was originally New York city, a preliminary injunction order was issued restraining the defendants from bringing any action on the policy, or assigning it, during the continuance of this action, in accordance with the prayer of the complaint. The injunction order containing, as at that time was required by the rule, an order to show cause why the same should not be continued during the pendency of the action, that order to show cause came on to be heard at the special term of the supreme court, in the city of New York, in November, 1874, and was argued before Mr. justice LAWRENCE, who dissolved the injunction and vacated the order to show cause. From this order an appeal was taken to the general term, and pending the argument on appeal, at the request of the defendants' attorneys, the place of trial was changed to the county of Onondaga.

The defendants then interposed a demurrer to the complaint in this action, upon the ground that the court has no jurisdiction on the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. This demurrer came on to be heard at a special term of the court at Syracuse, in December, 1874, where the demurrer was overruled upon the following opinion of Mr. justice HARDIN :

HARDIN, *J.*— The facts stated in the complaint are sufficient to confer upon a court of equity jurisdiction and power to give the relief asked (*McHenry* agt. *Hazard,* 45 *N. Y.,* 580 ; *Cases cited in the Opinion of* ANDREWS, *J.*). If the plaintiff's right to relief was apparent upon the face of the instrument referred to in the complaint, then the question would belong exclusively to the law side of the court. But facts

*aliunde* the papers must be given in evidence to entitle the plaintiff to the relief demanded (40 *N. Y.*, 164).

When those facts shall be given in connection with the papers, then the parties can present their respective rights to the discretion of a court of equity, to be disposed of in accordance with the settled rules of equity, and the practice in such cases. After the facts are all out, the court, for reasons suggested in respect to the merits, may dismiss the complaint, absolutely or without prejudice, because the case may then to the court seem more appropriately to belong to the law side (*Ins. Co.* agt. *Bailey*, 13 *Wall.*, 616).

It is to be observed that in deciding the case last cited, CLIFFORD, J., remarks that "where the cause of action is a purely legal demand, and nothing appears to show that the defense at law may not be as perfect and complete as in equity, a suit in equity will not be sustained in a federal court."

In that case an action at law had been commenced, and an opportunity afforded thereby to test the same question made on the merits, as in the suit in equity.

So, too, in *Savage* agt. *Allen* (54 *N. Y.*, 458), it appeared that an action had been brought where the same matters stated in the complaint in the second suit, might have been stated in the first suit by way of defense.

In this case there is no statement before the court to show that any other action is pending between the parties upon the matters embraced in the complaint. The defendants can set up the policy, and allege its validity and counter-claim upon it, and ask in this action an affirmative judgment.

The propriety of a jury trial upon such a case can be considered by the court, and if the interests of the parties require a jury trial, the court has power to order the issues to be heard by a jury (*Clark* agt. *Oswego Ins. Co.*, *MS. Opinion of* HARDIN, *J.; Vermilyea* agt. *Palmer*, 52 *N. Y.*, 475).

If such order should be made it would not then be apparent that the defendants Reals would be any worse off, by

reason of the insurance company being plaintiff and they defendants, instead of *vice versa* (*Wright* agt. *Wright*, 54 *N. Y.*, 443).

The conclusion is reached in this case, that a court of equity has jurisdiction to order a surrender and cancellation of the policy of insurance alleged to have been obtained by fraud, and held by the promisee, upon which no action has been brought. Whether the power of the court shall be exercised, belongs to the trial of the case rather than a preliminary examination of the complaint alone. The exercise of the power of the court of equity depends upon a sound discretion, applicable to all the circumstances of the case made by the proofs when the case is fully before the court (45 *N. Y.*, 581; *Mills* agt. *Bliss*, 55 *id.*, 143). The demurrer must be overruled, with leave to answer within twenty days, costs being paid.

After this disposition of the case the defendants appealed from the order overruling the demurrer, and the plaintiff appealed from the order vacating the injunction, and these two appeals came on to be heard together at a general term of the supreme court for the fourth department, held at Rochester in November, 1875.

*Robert Sewell*, for the Globe Mutual Life Insurance Company, argued that the supreme court has all the jurisdiction of the former court of chancery, and has general jurisdiction in law and equity (*Art. VI of Constitution*). The power of a court of equity to compel the surrender and cancellation of deeds and other written instruments, obtained by fraud, is undoubted; and it is not material upon this question of jurisdiction that the party seeking relief has a defense at law to the instrument which he prays may be canceled (*McHenry* agt. *Hazard*, 45 *N. Y.*, 583; *Whittington* agt. *Thornbury*, 2 *Vernon*, 206; *Da Costa* agt. *Scandrel*, 2 *P. Wms.*, 170; *Hamilton* agt. *Cummings*, 1 *Johns. Ch.*, 517; *Story's Equity Jurisp.*, sec. 700; *Bromley* agt. *Holland*, *Coop.*, 9; *Hamil-*

*ton* agt. *Cummings*, 1 *Johns. Ch.*, 517; *Story's Eq. Jurisp.*, sec. 700, *a ; Jeremy on Equity Jurisp.*, *b.* 3, 3 *part, chap.* 4; *Jarvis* agt. *White*, 7 *Vesey*, 414; *Newman* agt. *Milner*, 2 *Vesey*, 483; *Smith* agt. *Carl*, 5 *Johns. Ch.*, 118; *Sheply* agt. *Rangley, Davis*, 246; *Viner's Abridgment, quia timet, A. B.; 1 Fonblank Equity, bk.* 1, *chap.*, *sec.* 8; *Myers* agt. *Hewitt*, 16 *Ohio*, 449; *Peak* agt. *Hyfield*, 1 *Russell*, 559; *Bromwell* agt. *Holland*, 7 *Vesey*, 20, 21; *Kemp* agt. *Pryor*, 7 *Vesey*, 249; *John* agt. *St. John*, 11 *Vesey*, 535).

The action being properly brought, the injunction *pendente lite* is necessary for the protection of the plaintiff, as the commencement of an action by the defendants while this is pending would produce injury to the plaintiff (*Code*, *sec.* 219).

*Frank Hiscock*, for the defense, argued that the court, as a court of equity, had no jurisdiction in this case; that the jurisdiction of a court of equity has for its object the granting of relief where there is no remedy at law; and that where the legal remedy is ample there is no ground for equity interference (*Story's Equity Jurisprudence*, sec. 794).

The Code has limited the field in which equity operates, as equitable defenses are now available to actions, and there is no longer any necessity for the former broad jurisdiction of equity (*Winfield* agt. *Bacon*, 24 *Barb.*, 159; *Ely* agt. *Lowenstein*, 9 *Abb.* [*N. S.*], 37; *Foote* agt. *Sprague*, 12 *How.;* 355; *Bartlett* agt. *Judd*, 21 *N. Y.*, 203; *Seeman* agt. *Schock*, 29 *N. Y.*, 613; *Cox* agt. *Clift*, 2 *Coms.*, 118; *Hotchkiss* agt. *Elting*, 36 *Barb.*, 50; *Wilson* agt. *Mayor*, 4 *E. D. Smith*, 675; *Heywood* agt. *City of B.*, 14 *N. Y.*, 534; *In. B. Co.* agt. *Supervisors*, 33 *Barb.*, 332; *Hyatt* agt. *Bates*, 40 *N. Y.*, 164; *Ins. Co.* agt. *Bailey*, 13 *Wallace*, 616).

The following is the opinion of the court at general term : MULLIN, *P. J.*, E. D. SMITH and GILBERT, *JJ.*

Globe Mutual Life Insurance Co. agt. Reals.

*By the Court*, E. DARWIN SMITH, *J.* — It is the settled doctrine of courts of equity that deeds and other contracts fraudulently obtained may be set aside or ordered to be delivered up and canceled.

The complaint in this action set up a proper case for the exercise of the equitable power of the court, and the demurrer to said complaint was properly overruled, and the order should be affirmed on the opinion delivered at special term. The order dissolving the injunction was, doubtless, granted upon the assumption that the plaintiff had a proper remedy at law, and that the complaint did not, in this view, state facts sufficient to constitute a cause of action. The decision upon the demurrer disaffirms this view of the law of the case, and involves a reversal of the order dissolving the injunction and a restitution or revival of the same. The order dissolving the injunction should, therefore, be reversed, and the injunction restored, with costs of the appeal, and the order overruling the demurrer should be affirmed, with costs of the appeal.