# SUPREME COURT.

GLOBE MUTUAL LIFE INSURANCE COMPANY agt. ADDIE REALS
et al.

*Cancellation of policy of insurance obtained by fraud—jurisdiction—demurrer.*

A court of equity has jurisdiction to order a surrender and cancellation of a policy of insurance alleged to have been obtained by fraud, and held by the promisee, upon which no action has been brought.

Whether the power of the court shall be exercised belongs to the trial of the case, rather than a preliminary examination of the complaint alone upon demurrer.

The exercise of the power of the court of equity depends upon a sound discretion, applicable to all the circumstances of the case made by the proofs, when the case is fully before the court.

*Onondaga Special Term, December*, 1874.

DEMURRER by the defendants to a complaint by the plaintiff, stating that its policy of insurance was obtained from it by the fraud of James H. Reals, upon whose life it was issued, in complicity with the defendant Fowler, for the benefit of Reals' widow and children, defendants. The defendants demur, for the stated grounds: (1), that the court has no jurisdiction of the subject of the action; (2), that the complaint does not state facts sufficient to constitute a cause of action.

*Robert Sewell*, for plaintiff.

*Hiscock, Gifford & Doheny*, for defendants.

HARDIN, *J.*— The facts stated in the complaint are sufficient to confer upon a court of equity jurisdiction and power to give the relief asked (*McHenry* agt. *Hazard*, 45 *N. Y.*, 580; *cases cited in the opinion of* ANDREWS, *J.*).

Globe Mutual Life Insurance Co. agt. Reals.

If the plaintiff's right to relief was apparent upon the face of the instrument referred to in the complaint, then the question would belong exclusively to the law side of the court. But facts *aliunde* the papers must be given in evidence to entitle the plaintiff to the relief demanded (40 *N. Y.*, 164).

Where those facts shall be given in connection with the papers, then the parties can present their respective rights to the discretion of a court of equity, to be disposed of in accordance with the settled rules of equity, and the practice in such cases. After the facts are all out, the court, for reasons suggested in respect to the merits, may dismiss the complaint absolutely, or without prejudice, because the case may then, to the court, seem more appropriately to belong to the law side (*Ins. Co.* agt. *Bailey*, 13 *Wallace*, 616).

It is to be observed that, in deciding the case last cited, CLIFFORD, J., remarks that, "where the cause of action is a purely legal demand, and *nothing* appears to show that the defense at law may not be as perfect and complete as in equity, a suit in equity will not be sustained in a federal court."

In that case an action at law had been commenced, and an opportunity afforded thereby to test the same question made on the merits in the action at law as in the suit in equity. Besides, the statute of 1789 provides that no suit in equity shall be sustained when there is a remedy at law.

So, too, in *Savage* agt. *Allen* (54 *N. Y.*, 458), it appeared that an action had been brought where the same matters stated in the complaint in the second suit might have been stated in the first suit, by way of defense.

In this case there is no statement before the court to show that any other action is pending between the parties upon the matters embraced in the complaint. The defendants can set up the policy and allege its validity, and counter-claim upon it, and ask in this action an affirmative judgment.

The propriety of a jury trial upon such a case can be con-

sidered by the court, and if the interests of the parties require a jury trial, the court has power to order the issues to be heard by a jury (*Clark* agt. *Oswego Ins. Co., MS. opinion of* HARDIN, *J.; Vermilyea* agt. *Palmer,* 52 *N. Y.,* 475). If such order should be made, it would not then be apparent that the defendants Reals would be any worse off by reason of the insurance company being plaintiff and they defendants, instead of *vice versa* (*Wright* agt. *Wright,* 54 *N. Y.,* 443).

The conclusion is reached in this case that a court of equity has jurisdiction to order a surrender and cancellation of the policy of insurance alleged to have been obtained by fraud, and held by the promisee, upon which no action has been brought.

Whether the power of the court shall be exercised, belongs to the trial of the case, rather than a preliminary examination of the complaint alone.

The exercise of the power of the court of equity depends upon a sound discretion applicable to all the circumstances of the case made by the proofs, when the case is fully before the court (45 *N. Y.,* 581; *Mills* agt. *Bliss,* 55 *N. Y.,* 143).

The demurrer must be overruled, with leave to answer within twenty days, costs being paid.