The defendants will then be at liberty to move or to plead as they may be advised, and if an issue of fact shall again be joined, the cause, then being upon the general calendar, will take the usual course.

On the 26th day of February, 1915, this court affirmed somewhat similar orders in actions brought by the National Exchange Bank of Wheeling (151 N. Y. Supp. 1132), and by Stephen E. Royce (151 N. Y. Supp. 1143), against the same defendants; but the trial of those actions had not been entered upon, and the orders did not contain the provision referring to section 830 of the Code of Civil Procedure, and providing that, subject to the provisions thereof, testimony taken upon the trial of the actions should not stand. Further examination of the points common to this and to those appeals, but now more fully presented, in connection with the contention concerning the additional provision contained in the order now under review, leads us to doubt whether we should have affirmed those orders without modification.

It follows that the order should be modified as herein directed, and, as so modified, affirmed, with $10 costs and disbursements. Settle order on notice. All concur.

---

In re HOLME'S WILL. (No. 7088.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

1. JURY ☞25—RIGHT TO JURY TRIAL—WAIVER—PROBATE PROCEEDINGS.

Under Code Civ. Proc. § 2537, providing that a jury trial in any proceeding in the Surrogate's Court is waived when not seasonably demanded according to the practices of such court, and section 2538, providing that the Surrogate shall on seasonable demand direct a trial by jury of any controverted question of fact, and section 2617, providing that if a jury trial is desired in contested proceedings to probate a will it shall be demanded in the objections, the contestant's right to a jury trial was waived when not demanded in the objections filed by him.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. ☞25.]

2. JURY ☞25—DEMAND FOR JURY TRIAL—PROBATE PROCEEDINGS.

In such case, after expiration of the time allowed for demanding a jury trial, it was error to permit contestant to withdraw his objections and refile same with a demand for a jury trial added thereto.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. ☞25.]

3. COURTS ☞202—SURROGATE'S COURT—MOTIONS AFFECTING CONTESTED PROBATE PROCEEDINGS—TIME FOR MAKING.

In view of the division made of the work of the Surrogate's Court by Code Civ. Proc. § 2504, motions directly affecting contested probate proceedings on the calendar for trial should be made exclusively in the Trial Term.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. ☞202.]

4. JURY ☞25—DEMAND FOR JURY TRIAL—BREACH OF STIPULATION.

Where a postponement in a contested proceeding to probate a will was obtained on a stipulation that the case would proceed to trial on the next Monday on the one issue to be tried at the Trial Term before the Surro-

gate, necessarily without a jury, it was error to grant contestant's demand made thereafter for a jury trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. ☞25.]

Appeal from an Order of Surrogate, New York County.

In the matter of proving the last will and testament of Lizzie H. Holme, deceased. From an order permitting contestant, Leicester Holme, to file an answer in lieu of one previously filed, proponents appeal. Reversed.

See, also, 152 N. Y. Supp. 826.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Merrill & Rogers, of New York City (Payson Merrill, of New York City, of counsel, and Charles Thaddeus Terry, of New York City, on the brief), for appellant Hall.

Conklin & Reid, of New York City (William R. Conklin, of New York City, of counsel, and Harry D. Holden, of New York City, on the brief), for appellants residuary trustees.

J. Mayhew Wainwright, of New York City, for appellants American Society for Prevention of Cruelty to Animals.

Samuel J. Wagstaff, of New York City, special guardian for appellants Annie Molloy, Jr., and others.

John Delahunty, of New York City (Edmund L. Mooney, of New York City, of counsel), for respondent.

CLARKE, J. On June 20, 1914, Mrs. Lizzie H. Holme died leaving a will executed by her on July 22, 1907. After a variety of gifts to relatives, friends, and charitable organizations, testatrix provided:

"I have made the above disposition of my property conscious of the fact that I have a living husband and also other relatives for whom I have made no provision in this my last will and testament, and it is my express determination that they shall not have any share or benefit under this, my last will and testament, nor in any manner share in my estate."

The executors named in the will offered the paper for probate by petition dated September 22, 1914, and thereafter the answer of Leicester Holme, the surviving husband of the testatrix, verified on the 28th of October, 1914, was filed. This answer set up: That the paper offered for probate was not the last will and testament of said decedent, that it was not duly executed by her, and that she did not publish the same as her will in the presence of the witnesses whose names were subscribed thereto. That she did not request said witnesses to be witnesses and that they did not sign in her presence or in the presence of each other. That on said 22d day of July, 1907, the said decedent, Lizzie H. Holme, was not of sound mind or memory or mentally capable of making a will. That the said paper writing was not freely or voluntarily made or executed by the said Lizzie H. Holme as her last will and testament, but that the said paper writing purporting to be her will was obtained and the subscription and the publication thereof, if it was in fact subscribed or published by her, was

procured by fraud and undue influence practiced upon the decedent by certain persons acting in concert whose names are at present unknown to this contestant. That the paper propounded for probate herein is invalid as a last will and testament and is illegal and void in all respects. Wherefore, the above-named contestant prays that this proceeding may be dismissed, with costs. No one else filed objections.

On the 31st of October, an order was entered setting the case down for trial on the first Monday of January, 1915. On the call of the calendar at the Trial Term by Mr. Surrogate Fowler on the first Monday, namely, the 4th day of January, 1915, the attorney for the contestant applied for an adjournment on the ground of the illness of counsel. Thereupon the trial was adjourned to the second Monday, the 11th of January. Upon the case being called that day, the attorney for the contestant said that as counsel's illness still continued he would ask for an adjournment until the following Monday, and would state that he had decided to waive all issues raised by the objections except one, and that in case his counsel did not so improve by the following Thursday as to afford assurance that he would be able to try the case on Monday, the 18th, he would at once retain other counsel and proceed with the trial on that day. Thereupon counsel for the proponents said that to avoid all possible misapprehension he would say that that one issue was the due execution of the will, and that he consented to the adjournment on that stipulation and the further understanding that the case should proceed to trial on the following Monday, and thereupon the Surrogate remarked, "We have only one issue to try, the due execution of the will," and adjourned the trial to the 18th.

On Wednesday, January 13th, new counsel was retained by the contestant, and on Thursday, January 14th, this counsel obtained an order to show cause from Surrogate Cohalan why an order should not be made permitting the contestant to withdraw the answer heretofore filed by him and to file an answer de novo in the form annexed and directing the trial by jury of the issues raised by such answer. The proposed new answer was identical with that already served, except there was added thereto the following: "Leicester Holme, the contestant herein demands a jury trial of the issues raised by this answer." Upon the return of this order to show cause, the proponents of the will appeared and asked that it be sent to Trial Term, where the case then was and where a stipulation had been entered into for hearing. This was denied, and at the conclusion of the argument the Surrogate announced that he would grant the motion and set the case down for trial by jury on February 1, 1915. No order was presented for signature until Monday, the 18th, and then the Surrogate directed that notice of settlement be given. On the same morning, when the trial calendar was called by Surrogate Fowler, the attorney for the contestant asked that the matter stand over until 2 o'clock, when his new counsel could be present, which was done. At 2 o'clock proponents' counsel claimed that the order asked of Surrogate Cohalan could only be made at the Trial Term, and that even if signed it was void. Counsel for the contestant claimed that proponents' counsel was guilty

of contempt in pressing the case for trial after the decision which had been made. Surrogate Fowler directed the trial to proceed and thereupon contestant with counsel and attorney withdrew from the court room. Subscribing witnesses were thereupon examined and the will admitted to probate. The order here appealed from was the order of Surrogate Cohalan made on January 26, 1915, and filed nunc pro tunc as of January 15th, permitting the contestant to file, in lieu of the answer theretofore filed, another one identical in terms, except that it demanded a jury trial and ordered that the trial be had on the 1st day of February, 1915, of the controverted fact, and that the order dated January 22, 1915, be respectfully referred to Mr. Surrogate Fowler.

[1, 2] Section 2537 of the Code of Civil Procedure provides:

"Whenever in any proceeding in the Surrogate's Court, the order or decree of the court will determine any issue or fact as to which any party had a right of trial by jury in any court, such trial shall be deemed to be waived, unless such party, personally, or through his attorney, guardian, committee, or special guardian appears and seasonably demands the same, in which case such trial shall be had according to the practice of such court. * * * "

### Section 2538 provides:

"In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the Surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same."

### Section 2617 provides:    ·

"Any person interested in the event as devisee, legatee, or otherwise, in a will or codicil offered for probate; or interested as heir at law, next of kin, or otherwise, in any property, any portion of which is disposed of or affected, * * * by a will or codicil offered for probate; * * * may file objections to any will or codicil so offered for probate. Such objections must be filed at or before the close of the testimony taken before the Surrogate on behalf of the proponent, or at such subsequent time as the Surrogate may direct, and if a jury trial of any issue is desired the same shall be demanded in the objections."

It is clear that the demand for a jury trial had not been seasonably made because it had not been demanded in the objections, and therefore it had been waived under the express provisions of the statutes quoted. To permit the withdrawal of objections from the files, in order that the precise objections as made might be refiled with the addition of a demand for a jury trial, the time allowed for such demand having long since expired, was an obvious attempt to avoid the statute which is not to be approved.

[3] We are also of the opinion that, under the division of the work of the Surrogates' Courts as provided in section 2504 of the Code of Civil Procedure, motions directly affecting contested probate proceedings on the calendar for trial should have been exclusively in the Trial Term. See Matter of Martin, 80 Misc. Rep. 17, 141 N. Y. Supp. 784.

[4] But the main reason why the order appealed from was errone-

ous is that it was made on a breach of a stipulation made and entered into in open court. Up to the time that new counsel appeared in the case, no one upon either side, proponent, contestant, or their respective attorneys and counsel, had contemplated for a moment a trial by jury. The postponement obtained on the 11th of January was upon the stipulation that there was but one issue to be tried, that the case would proceed upon the next Monday upon that one issue at the Trial Term before the Surrogate who was then hearing the call of the calendar, before whom the contested proceeding was pending and necessarily without the interposition of a jury.

The attempted violation of the well-understood stipulation made in open court by which the trial was postponed to another month before a different Surrogate and before a jury receives our emphatic disapproval.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed. All concur.

---

### In re HOLME'S WILL. (No. 7089.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

WILLS &⇒229—PROBATE—VACATION OF PROCEEDINGS—ABANDONMENT WITHOUT EXCUSE.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 550–554; Dec. Dig. &⇒229.]

Appeal from Special Term, New York County.