ous is that it was made on a breach of a stipulation made and entered into in open court. Up to the time that new counsel appeared in the case, no one upon either side, proponent, contestant, or their respective attorneys and counsel, had contemplated for a moment a trial by jury. The postponement obtained on the 11th of January was upon the stipulation that there was but one issue to be tried, that the case would proceed upon the next Monday upon that one issue at the Trial Term before the Surrogate who was then hearing the call of the calendar, before whom the contested proceeding was pending and necessarily without the interposition of a jury.

The attempted violation of the well-understood stipulation made in open court by which the trial was postponed to another month before a different Surrogate and before a jury receives our emphatic disapproval.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed. All concur.

---

### In re HOLME'S WILL. (No. 7089.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

WILLS ⚖═229—PROBATE—VACATION OF PROCEEDINGS—ABANDONMENT WITH-
OUT EXCUSE.

Where the contestant in probate proceedings, on denial of a trial by jury after the case by stipulation had been set down for trial before the Surrogate, withdrew from the courtroom pursuant to his statement that "under the circumstances we are forced to withdraw," and where witnesses were thereupon called and fully examined and the will admitted to probate and letters testamentary issued thereunder, there was a deliberate abandonment of the case and not an inadvertent default; and, in the absence of a showing of some satisfactory excuse for the abandonment, a motion to set aside the probate and the proceedings as on a default was properly denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 550–554; Dec. Dig. ⚖═229.]

Appeal from Special Term, New York County.

In the matter of proving the last will and testament of Lizzie H. Holme, deceased. From an order denying motion for order directing that decree admitting will to probate and that letters testamentary issued be set aside and vacated, and from an order denying motion for reargument, contestant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John Delahunty, of New York City (Edmund L. Mooney, of New York City, of counsel), for appellant.

Merrill & Rogers, of New York City (Payson Merrill, of New York City, of counsel, and Charles Thaddeus Terry, of New York City, on the brief), for respondent Hall.

Conklin & Reid, of New York City (William R. Conklin, of New

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

York City, of counsel, and Harry D. Holden, of New York City, on the brief), for respondents residuary trustees.

J. Mayhew Wainwright, of New York City, for respondent American Society for Prevention of Cruelty to Animals.

Samuel J. Wagstaff, special guardian, of New York City, for respondents Annie Molloy, Jr., and others.

CLARKE, J. After the proceedings outlined in the opinion in this same matter, No. 7088, handed down herewith (152 N. Y. Supp. 822), the case was regularly called before Mr. Surrogate Fowler, holding the Trial Term, upon Monday, January 18th, to which date the trial had been adjourned pursuant to the stipulation made in open court referred to. On the morning call of the calendar, counsel asked for an adjournment until the afternoon until the new counsel could be present, which was granted. At 2 o'clock the contestant, his attorney, and counsel were present, and the case was again called. Whereupon the proceedings had, which have been outlined in the opinion referred to, were called to the attention of the Surrogate presiding. The contestant took the position that this case was to be tried before a jury under the order granted. The Surrogate stated that he had seen no such order and that he had made no such order; "that the learned Surrogate sitting at chambers must have been under a misapprehension. I can hardly assume that the order has been made; but if it has been made I will vacate that order. Are you ready for trial?" Counsel for contestant stated that "under the circumstances we are forced to withdraw," and thereupon contestant and his attorney and counsel left the courtroom. The witnesses were thereupon called and fully examined, and the will was admitted to probate, and letters testamentary issued thereunder. Subsequently, the contestant moved to set aside the probate and the proceedings as upon a default. But there was no default. There was a deliberate abandonment of the case after it had been set down for trial upon stipulation made in open court, and it is not to be treated as an inadvertent default. For that abandonment the appellant has exhibited no satisfactory excuse.

The orders appealed from should each be affirmed, with $10 costs and disbursements to the respondent. Order filed. All concur.