In the Matter of Proving the Last Will and Testament of ALBERT CARNRIGHT, Deceased, as a Will of Real and Personal Property.

JOHN F. CARNRIGHT and ALBERT CARNRIGHT, JR., Petitioners, Respondents; BERTHA CARNRIGHT and Others, Contestants, Appellants.

Third Department, November 14, 1917.

**Will — probate — time of demand by contestants for trial by jury — waiver of such right.**

The right to a jury trial upon proceedings for the probate of a will should be demanded at the time of the filing of objections. Where contestants do not make such demand until an adjourned date, when they appear

Third Department, November, 1917.          [Vol. 180.

and ask permission to file amended objections, which are in precisely the language of the original objections, with an addition thereto of a demand for trial by jury, they will be deemed to have waived their right thereto.

·APPEAL by the contestants, Bertha Carnright and others, heirs at law and next of kin, from a decree of the Surrogate's Court of the county of Ulster, entered in the office of said Surrogate's Court on the 16th day of December, 1916, admitting to probate the will of the deceased.

*Benjamin Rowe* [*James Jenkins* of counsel], for the appellants.

*Byron L. Davis* [*William D. Brinnier* of counsel], for the respondents.

LYON, J.:

·The appellants seek to obtain the reversal of the decree admitting a will to probate, upon the ground that as contestants the surrogate improperly denied them the right to trial by jury.

The citations for the probate of the will of Albert Carnright were returnable in the Surrogate's Court of Ulster county September 11, 1916. On that day the testimony of one of the subscribing witnesses was taken and the proceeding adjourned to September twentieth. On September twentieth this subscribing witness was further examined, and the testimony of the other subscribing witness taken. Counsel for the contestants took part in both examinations; the testimony on behalf of the proponents was. closed, and the will was offered in evidence. Contestants' counsel then stated that contestants made formal objection that the execution of the will had not been properly proven, and that the contestants had objections which they would like to file to the probate of the will, and would like time to file them in writing, and would do so that day. The surrogate then stated that ·as the proof then stood the will would be entitled to admission to probate. Objections to probate were on that day served and filed stating that the testator was not competent to make a will; that the same was obtained by undue influence and was not properly executed, and that the instrument was not the last will and testament of the testator. An adjournment of the hearing was taken from September twentieth to Septem-

ber twenty-eighth.   On the latter day the contestants appeared and asked permission to file amended objections which were in precisely the language of the objections filed September twentieth, with the addition thereto of a demand for a trial by jury, a practice which was disapproved in *Matter of Holme* (167 App. Div. 237, 241).   The surrogate denied the application and the contestants excepted to the ruling.   A trial was thereafter had before the surrogate, witnesses being produced and examined by both the proponents and contestants, but no part of the evidence taken upon such trial appears in the record.   The surrogate rendered a decision admitting the will to probate.   From the decree entered thereon this appeal has been taken, the appellants stating in their notice of appeal their intention to review the said ruling of the surrogate denying their application to have the issues tried by a jury.

The contestants base their first claim of right to a jury trial upon the broad ground that they are entitled thereto by virtue of section 2 of article 1 of the State Constitution providing, " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever," and they quote the following language of Chancellor KENT in *Smith v. Carll* (5 Johns. Ch. 118, 119):  " The Court is never bound (except it be on the issue *devisavit vel non*, or on bills for a divorce for adultery) to send a matter of fact to be tried by a jury, if it can, to its own satisfaction, decide itself upon the evidence.   [Lord ELDON in 3 Vesey & Bea. 42; 4 Dow, 318, 320, 330.] "   To this citation might have been added Story's Equity Jurisprudence (7th ed. § 440), in which it is said:  " No other excepted case is known to exist; and it is not easy to discern the grounds upon which this exception stands, in point of reason or principle, although it is clearly settled by authority," citing many cases.   However, the section of the Constitution above cited also provides " but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."   As to this provision, the appellants claim that the sections of the Code of Civil Procedure hereinafter referred to (added by Laws of 1914, chap. 443) are not effective to provide a waiver, and among other cases cite that of *Moot* v. *Moot* (214 N. Y. 204).   That

case holds that a general rule of practice which assumes, unwarranted by statute, to create an additional limitation upon the right to demand a jury trial, is ineffective and invalid. The case is in fact an authority that the manner of waiver prescribed by the Code of Civil Procedure is one prescribed by law within the meaning of the State Constitution.

The contestants had the unquestionable right to a trial by jury in case they seasonably demanded the same (Code Civ. Proc. § 2538), but if they desired a jury trial of any issue they were required to demand it in the objections which were required to be filed, at or before the close of the testimony taken before the surrogate on behalf of the proponent, or at such subsequent time as the surrogate might direct (Id. § 2617); and a jury trial was deemed to be waived unless thus seasonably demanded (Id. § 2537). (Heaton Surrogates, 259.) Thus the law fixed the time when a demand should be deemed to be seasonably made as September twentieth, the time when the objections were filed. The demand made September twenty-eighth was, therefore, not seasonably made but was too late, and the surrogate was justified in denying the contestants' application to file the alleged amended objections. Whether the filing at a time subsequent to the filing of the original objections, of additional or amended objections, under the permission of the Surrogate's Court, would entitle contestants to incorporate therein a demand for a jury trial, when the same had not been previously demanded, is not before us for determination. A demand for a trial by jury was no part of the objections, and incorporating in the objections sought to be filed a demand for a jury trial did not constitute them amended objections, or in any way alter the issues to be tried, or revest the contestants with the right to a jury trial which they had waived. If such practice were admissible it would be subject to repetition, and the proponents could never know, prior to the actual taking of evidence, whether to be prepared for trial upon an adjourned day or whether the same would be postponed by the making of a demand for a jury trial.

The contestants also claim that the question of waiver is to be determined under section 1009 of the Code of Civil Procedure which by section 2770 is made applicable to the

subject, and that it is not to be determined under the sections above cited. Section 2770 of the Code of Civil Procedure makes the other provisions of the act applicable only where a contrary intent is not expressed in or plainly implied from the context of chapter 18 relating to Surrogates' Courts and the proceedings therein. The sections of the Code first above cited having specified the act which should constitute a waiver of the right to trial by jury, exclude the application of section 1009 thereto, as is impliedly stated in section 2537 by making section 1009 applicable whenever such trial is demanded.

The surrogate appears to have been fully justified in the ruling which he made, and the decree appealed from must therefore, be affirmed, with costs to the respondents.

Decree unanimously affirmed, with costs to the respondents.