## In the Matter of the Estate of DAVID PRICE, Deceased.

Surrogate's Court, New York County, April, 1922.

**Wills — contest — when demand for jury trial seasonably made.**

A demand for a jury trial by a clerical error was not incorporated in objections filed on April 21, 1922, for the probate of a will, but the next day a separate demand for a jury trial was filed. Amended and corrected objections filed on April 24, 1922, included a demand for a jury trial. *Held*, that the citation not being returnable until May 1, 1922, the contestants had not waived their right to a jury.

As in any event the court in its discretion would authorize the filing of the amended objections *nunc pro tunc*, a motion to strike out the demand for a jury and the amended objections will be denied.

*Matter of Carnright*, 180 App. Div. 21, distinguished.

MOTION to strike out demand for jury trial and amended objections on probate proceeding.

*Rose & Paskus*, for proponent.

*Louis Boehm*, for contestants.

FOLEY, S. The motion of the proponent to strike out the demand for a jury trial and the amended objections of the contestants is denied. The attorney for the contesting next of kin voluntarily appeared for them and thereby saved the necessity and expense of serving the citations. On April 21, 1922, objections to the probate of the will were filed. By a clerical error, a demand for a jury trial was not incorporated in them. On April twenty-second a separate written demand for a jury was filed. Subsequently, on the 24th of April, 1922, so-called amended and corrected objections were filed, which included a demand for a jury trial. The citation was not returnable until May 1, 1922. Under these circumstances the contestants have not waived their right to a jury in this proceeding. Section 147 of the Surrogate's Court Act (formerly section 2617 of the Code of Civil Procedure) provides that objections must be filed by a person interested " at or before the close of the testimony taken before the surrogate on behalf of the proponent, or at such subsequent time as the surrogate may direct, and if a jury trial of any issue is desired the same shall be demanded in the objections." This section was construed by Surrogate Cohalan to permit the filing of a demand separate from the objection and simultaneously therewith. *Matter of Morrow*, N. Y. L. J. Nov. 16, 1921. It would appear from the provisions of the Surrogate's Court Act that the objections (which, together with the petition, constitute the pleadings in these proceedings) may be amended as of course at any time prior to the return date of the

citation.   The only effect of the filing of the amended objections here was to cure any possible defect in the use of a separate demand. In any event the court would, in its discretion, authorize, *nunc pro tunc*, the filing of the amended objections.   Only recently the Appellate Division in this department, in *Matter of Levy*, 201 App. Div. 882, affirmed an order permitting the amendment of objections long after the issues had been framed and when the case was upon the trial calendar.   *Matter of Carnright*, 180 App. Div. 21, cited by the proponent, has no application to the facts of the present motion.   The amended objections there were filed after the return of the citation, and after the depositions of the proponent had been completed.   The contestants' demand for a jury trial was seasonably made, and no delay nor prejudice can result to the proponent by denying this motion.

Settle order on notice.

Ordered accordingly.