In the Matter of Proving the Last Will and Testament of MINNIE J. CANTINE, Deceased.

ELIZABETH ALBRIGHT SPURR, Appellant; GEORGE E. GOODRICH, Executor, etc., of MINNIE J. CANTINE, Deceased, and Others, Respondents.

Fourth Department, July 1, 1930.

*Greene & Walser* [*Guy O. Walser* of counsel], for the appellant.

*Monroe M. Sweetland,* for the respondent George E. Goodrich.

*Barry, Wainwright, Thacher & Symmers* [*Harry V. Clements* and *Benjamin C. Mead* of counsel], for the respondent American Society for Prevention of Cruelty to Animals.

*Ralph A. Harter,* for William E. Skidmore.

*Eldrich J. Willis,* special guardian of Fred Harold Albright.

CROSBY, J. A petition for the probate of the will was dated, verified and filed on August 10, 1929. A citation issued thereon was returnable October 29, 1929. On the return day of the citation the petition was amended in certain particulars. The appellant executed an admission of service of the citation. On the return day of the citation, one Skidmore, an heir of decedent, who has not appealed, appeared by attorney and had a preliminary cross-examination of the only subscribing witness to the will who was produced, the other subscribing witness being dead. Neither the appellant nor any one in her behalf appeared at this hearing, on the return day of the citation. The matter was adjourned from October twenty-ninth to November eighth to give the contestant Skidmore an opportunity to file objections. On November eighth Skidmore filed objections to probate, without demanding a jury trial, and the matter was adjourned to November twenty-first for trial. No one had appeared for appellant up to this time. All parties who had appeared prepared for trial on November twenty-first, and met on that day prepared for trial.

On the trial date appellant by her attorney appeared for the first time and asked to have her appearance noted and demanded a jury trial. Objection being made by the executor and residuary legatee, the surrogate ruled that appellant was in default and had no right to appear. Appellant's attorney then moved to have her default opened and the motion was granted. The default being opened, appellant's attorney again demanded a jury trial which was denied. Appellant's attorney then asked the surrogate to receive and file the appellant's answer which had been mailed

to the surrogate a few days before. The surrogate stated that the answer "will be filed now." This answer contained a demand for a jury trial. The answer is dated November eighteenth, and appears to have been in the surrogate's hands before the transactions that occurred on November twenty-first.

The surrogate tried the matter without a jury after appellant had taken exception to the denial of her demand for a jury trial. The will was admitted to probate.

It was error to have denied a jury trial under the circumstances of this case. Sections 67 and 68 of the Surrogate's Court Act provide for a jury trial of a will contest "if any party appearing in such proceeding seasonably demands the same." What is a seasonable demand will often become a nice question, and the exercise of the surrogate's discretion, in running his court, ought not to be lightly interfered with. But in this case the surrogate excused what he termed appellant's "default" and permitted her answer to be filed. That would be a barren favor if the most important thing in the answer were to be ignored. The issues in the case had already been raised by Skidmore's answer. It was not so important that they be again stated in appellant's answer. The demand for a jury trial was the vital thing in appellant's answer, and if the surrogate were going to receive it at all he should give the answer its legitimate effect.

Section 147 of the Surrogate's Court Act provides that on a probate proceeding any party who has an interest in defeating probate "may file objections to any will or codicil so offered for probate;" and further provides: "Such objections must be filed at or before the close of the testimony taken before the surrogate on behalf of the proponent, *or at such subsequent time as the surrogate may direct*, and *if a jury trial of any issue is desired* the same *shall be demanded in the objections*." The words italicized seem clearly to indicate that the demand for a jury trial should be made in the objections filed, and that while objections should ordinarily be filed at or before the time when proponent has finished the examination of the subscribing witnesses, still the surrogate may extend the time for filing objections. When the time for filing objections is thus extended, the right to incorporate in the objections such things as are properly a part thereof should not be denied.

Neither of the two cases relied upon by respondent is in point. *Matter of Carnright* (180 App. Div. 21) is a case in which contestant filed one set of objections without demanding a jury trial, and was later refused the privilege of filing a second set of objections identical with the first excepting for the demand for a jury trial. In the instant case appellant incorporated the demand for a jury

trial in the first objections filed by her, and those objections were filed within the time allowed by the surrogate.

*Matter of Holme* (167 App. Div. 237) is not in point because in that case the contestant had once actually entered into a stipulation to try the case without a jury.

The decree of the surrogate should be reversed on the law and facts and a new trial ordered to be had before a jury according to the rules and practices of Surrogate's Court.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Decree reversed on the law and facts and a new trial granted, to be had before a jury, with costs·to the appellant to abide the event, payable out of the estate. The matter of fact upon which the reversal is based is the abuse of discretion in denying a jury trial when the default had been waived.