In the Matter of the Estate of DAVID SILVERMAN, Deceased.

Surrogate's Court, Orange County, September 15, 1932.

*Henry Gruksy*, for the proponent.

*Krieger & Friedman* [*Samuel Friedman* of counsel], for the contestant.

TAYLOR, S. Upon the return of the citation an attorney for one of the interested parties appeared and stated that he had previously mailed to the clerk objections to the probate of this will. At that time the objections had not arrived but before the close of the session such objections did arrive and were filed. The attorney for the contestant stated orally that a jury trial was demanded, and without counsel for the proponent or the surrogate examining the objections a date was fixed for the drawing of a jury. It was

thereafter discovered that no demand for a jury trial was made in the objections themselves, although the letter which accompanied the objections inquired as to how soon after their filing the contestant might demand a jury trial, or if the practice required such demand to be made at the time of the filing of the objections, requested the clerk to make such demand. When this omission to demand a jury trial in the objections came to the attention of counsel for the contestant and within a week after the filing of the objections a separate written demand for a jury trial was filed. This motion is to strike out that demand upon the ground that the oral demand at the time of the filing of the objections was insufficient and that the written demand was not seasonably made.

By reason of the fact that the written objections were received through the mail and neither counsel for the proponent nor the surrogate having had an opportunity to examine same before all parties agreed upon a trial date, it does not seem fair to hold the proponent as upon a stipulation to a jury trial. The matter will, therefore, be considered upon other grounds.

Section 147 of the Surrogate's Court Act provides for the filing of objections, " and if a jury trial of any issue is desired the same shall be demanded in the objections." There can be no question but that an objection is a pleading and that it must be in writing (Surr. Ct. Act, § 49). It follows, therefore, that for the demand to be made " in the objections " the demand must be in writing. Section 68, part of article 5, which deals generally with appearances and trials, requires merely that the demand for a jury be seasonably made and is silent as to whether the demand be oral or written. Section 147 is part of article 9, which is limited to production, probate and construction of wills. Reading the two sections together, it is a fair construction that upon probate demands for jury trials must be seasonably made in writing. I appreciate that it would be resorting to technicalities to hold that a written demand separate and apart from the objections but filed at the same time was insufficient as not being contained " in the objections." (*Matter of Morrow*, 194 N. Y. Supp. 78.)

From the fact that an oral demand for a jury trial was made at the time of the filing of the objections, and the letter accompanying the objections was of similar tenor, it is manifest that the filing of the separate demand a week later was not merely an afterthought, but an endeavor to technically comply with the practice as contended for by the proponent. In many of the cases it is quite apparent there was no thought of demanding a jury when the objections were originally filed, and that fact distinguishes this case from many of those cited by learned counsel for the proponent,

such as *Matter of Holme* (167 App. Div. 237) and *Matter of Carnright* (180 id. 21).

Section 68 of the Surrogate's Court Act seems to allow the surrogate some discretion, for it provides that " in any proceeding in which any controverted question of fact arises of which any party has or has not, constitutional right of trial by jury, the surrogate may in his discretion make such order without such demand." The Civil Practice Act, except where a contrary intent is expressed in or plainly implied from the context of the Surrogate's Court Act, is applicable to proceedings in Surrogates' Courts (Surr. Ct. Act, § 316), and section 105 of the Civil Practice Act permits the court at any stage of a proceeding in its discretion to permit a party to correct or supply a mistake, omission, irregularity or defect if a substantial right of any party shall not be thereby prejudiced.

Courts have allowed the filing *nunc pro tunc* of amended objections to permit a party to demand a jury trial. (*Matter of Levy*, 201 App. Div. 882, cited in *Matter of Price*, 118 Misc. 544, 545.)

Section 426, subdivision 5, of the Civil Practice Act provides that in certain counties a party waives his right to a jury trial by failing to serve with the notice of trial a written notice demanding trial by jury and failing to file such notice with the county clerk within ten days after service thereof.

The Appellate Division in *New York Investors, Inc.,* v. *Laurelton Homes, Inc.* (230 App. Div. 712) held that the Supreme Court at Special Term was not without power in the exercise of sound discretion to relieve a party who had failed to serve this demand within the requisite time, and added, " the facts herein present an honest and excusable instance of mistake and inadvertent failure to serve the requisite notice and disclose that the act of omission occurred under circumstances negativing the idea that there was a willful intentional waiver of the substantial constitutional right to a jury trial possessed by the defendants." I prefer to follow this case and without passing upon the question of whether or not the letter which accompanied the objections constitutes a sufficient written demand for a jury trial, in the exercise of discretion a jury will be ordered and the contestant be permitted to file amended objections containing such demand within five days.